IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT L. GARZA,<br><br>                Plaintiff,<br><br>      vs.<br><br>DONALD KLEINE, Individual capacity, Official capacity; DOUGLAS COUNTY ATTORNEY HUELSKAMP, Deceased, Individual capacity, Official capacity; and JOHN E. CLARK, Judge, Individual capacity, Official capacity;<br><br>                Defendants. | 8:24CV54<br><br>MEMORANDUM AND ORDER |

Plaintiff Robert L. Garza ("Plaintiff"), an inmate at Tecumseh State Prison, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983, on February 12, 2024 (the "Complaint"), Filing No. 1, along with a motion to proceed in forma pauperis (the "IFP Motion"), Filing No. 2. After the filing of his Complaint and IFP Motion, Plaintiff filed two motions seeking appointment of counsel, Filing No. 6 and Filing No. 10, a motion for status, Filing No. 8, and a motion seeking relief from judgment, Filing No. 9.

As the Court grants the IFP Motion in this Memorandum and Order, Plaintiff's Complaint is subject to initial review to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons set forth, the Court finds that summary dismissal of the Complaint is appropriate, and the Complaint shall be dismissed in its entirety. Due to the dismissal of the Complaint, the remaining motions seeking appointment of counsel, Filing No. 6 and Filing No. 10, for status, Filing No. 8, and seeking relief from judgment, Filing No. 9, shall be denied as moot.

## I. THE IFP MOTION

Plaintiff filed his IFP Motion but failed to submit a prison account statement in support. See Filing No. 2. Plaintiff, however, provided an Affidavit in support of his IFP Motion detailing the financial resources available to him. Id.

Pursuant to the Prison Litigation Reform Act of 1995 (the "PLRA"), 28 U.S.C. § 1915(a)–(h), it is a *prisoner's duty* to provide the Court with a certified copy of their institutional trust account statement in support of a motion to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(2) (emphasis added) (a prisoner seeking to bring a civil action without prepayment of fees or security must submit an application and affidavit to proceed without prepayment of fees and a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately prior to the filing of the complaint obtained from the appropriate official of the prison at which the prisoner is or was confined). However, when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).

Here, while Plaintiff has not provided a trust account statement the Court finds that the IFP Motion shall be granted based on the information provided by Plaintiff regarding his finances in his Affidavit. As a result, the IFP Motion, Filing No. 2, is granted. The Court will require plaintiff to pay an initial partial filing fee of $1.00. See Waller v. Perry Cnty. Sheriff's Dep't, No. 1:24-CV-00005 SNLJ, 2024 WL 262711, at *1 (E.D. Mo. Jan. 24, 2024).

2

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court. Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b).

## II. INITIAL REVIEW OF THE COMPLAINT

This Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. This Court must, however, dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Even, liberally construed, Plaintiff's Complaint cannot proceed and, for the reasons discussed below, the Court finds that Plaintiff's Complaint must be dismissed.

Plaintiff is a prisoner currently confined at the Tecumseh State Correctional Institution. Liberally construed, he brings this action for a violation of his civil rights pursuant to 42 U.S.C. § 1983 naming Douglas County attorney Donald Kleine ("Kleine") as a defendant, as well the following defendants listed as "deceased": Douglas County attorney Huelskamp ("Huelskamp") and Judge Jon E. Clark ("Clark") (collectively "Defendants"). Filing No. 1 at 2–3. Plaintiff sues each defendant in his official and individual capacities alleging he was deprived of the right to a fair trial by all Defendants in violation of the Fifth Amendment arising from criminal proceedings brought against Plaintiff. Id.

Specifically, Plaintiff alleges that in 1983 to 1984 he was accused, tried, convicted, and sentenced for a crime which Plaintiff asserts he is innocent of committing. Id. at 5. In his own words, Plaintiff states his claim against Defendants as follows:

> Huelskamp persisted in prosecuting the charges against the Plaintiff, Robert Garza, even after it was shown that the alleged victim of the crime had perjured herself. Clark willfully disregarded evidence of the alleged victim's perjury and used his authority to override Plaintiff Garza's right to a fair trial. Kleine argued for the state of Nebraska that said perjury was within the bounds of acceptable evidence used to convict the Plaintiff, Robert Garza, thereby contravening Plaintiff's right to a fair trial.

Id. at 4. As relief, Plaintiff seeks immediate release from custody, and the overturning of his conviction, or at a minimum, a new trial before the state courts. Id. at 5.

While Plaintiff's Compliant is plagued by a multitude of issues which would require amendment to proceed, ultimately summary dismissal of Plaintiff's Complaint without leave to amend is appropriate. Specifically, the United States Supreme Court holding in Heck v. Humphrey, 512 U.S. 477,486–87 (1994) precludes further consideration of both the relief sought and the nature of the review requested by Plaintiff. And, as leave to

4

amend appears to be futile also based on the nature of the claim and the relief requested, Plaintiff's Complaint should be dismissed.

In Heck, the Supreme Court held that absent a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See Heck v. Humphrey, 512 U.S. 477,486–87 (1994). Put another way, under Heck, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Id.; see also Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995).

While this Court recognizes that Plaintiff does not seek damages but instead seeks immediate release from incarceration and either a new trial or the overturning of his conviction and sentence, the Complaint's allegations demonstrate that the Heck bar is properly invoked and the principle holding of Heck still applies. See e.g. Barnes v. United States, No. CIV.03-3655(MJD/JGL), 2003 WL 22901891, at *2 (D. Minn. Dec. 8, 2003) (applying Heck to a 1983 action filed by a prisoner seeking only declaratory relief). Any judgment by this Court granting the relief requested on the basis that the Defendants' actions relating to admittance or use of certain evidence at Plaintiff's trial were violative of Plaintiff's Fifth Amendment right to a fair trial certainly implicates the validity of Plaintiff's conviction and current confinement. This is so because any order granting the relief requested by Plaintiff by this Court would naturally imply that Plaintiff's conviction was based on evidence that should have been excluded, calling into question the validity of his criminal conviction and sentence. Therefore, as the nature of Plaintiffs claims in

5

conjunction with the relief he seeks is wholly barred by Heck v. Humphrey, Plaintiff's § 1983 Complaint must be dismissed in its entirety.

Moreover, "a § 1983 action cannot be used to evade the procedural requirements of petitions for habeas corpus." Schneider v. Bowersox, 105 F.3d 397, 400 (8th Cir. 1997). Where the relief requested in a § 1983 action is "precisely the same as that requested in [a] habeas petition—that the convictions and sentences be set aside" such claims are not appropriate in a § 1983 action. To the extent Plaintiff actually seeks federal habeas corpus relief, i.e. to invalidate his conviction, he may do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff should be aware that he must first exhaust his state court remedies before seeking federal habeas corpus relief and any habeas action will be subject to a one-year statute of limitations. See 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b) and (c). And, as Plaintiff has filed prior several habeas petitions in this district,[1] habeas relief may only be possible for the merits of the contentions Plaintiff raises here if the Eighth Circuit grants him leave to file a successive habeas petition. Burton v. Stewart, 549 U.S. 147, 152 (2007).

IT IS THEREFORE ORDERED that:

1.  The IFP Motion, Filing No. 2, is granted. The Clerk's Office shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution for collection of the imposed $1.00 fee.

2.  After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

---

[1] See e.g. Garza v. Britton, Case No. 8:07-CV-00338 (D. Neb.); Garza v. Britten, Case No. 4:03-CV-3194 (D. Neb.).

3. This matter is dismissed without prejudice.

4. The Court will enter judgment by a separate document.

5. Due to the dismissal of this matter, Plaintiff's currently pending motions seeking appointment of counsel, Filing No. 6 and Filing No. 10, the motion for status, Filing No. 8, and the motion seeking relief from judgment, Filing No. 9, are denied as moot.

Dated this 20th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court