IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT L. GARZA,<br><br>        Plaintiff,<br><br>vs.<br><br>DONALD KLEINE, Individual capacity, Official capacity; DOUGLAS COUNTY ATTORNEY HUELSKAMP, Deceased, Individual capacity, Official capacity; and JOHN E. CLARK, Judge, Individual capacity, Official capacity;<br><br>        Defendants. | 8:24CV54<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on two motions filed by Plaintiff. On September 20, 2024, the Court dismissed Plaintiff's Complaint, Filing No. 1, as barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477,486-87 (1994). Although Plaintiff brought this case pursuant to 42 U.S.C. § 1983, any order granting the relief requested would imply that Plaintiff's conviction was based on evidence that should have been excluded, thus questioning the validity of Plaintiff's criminal conviction and sentence. Filing No. 11 at 5. Accordingly, the nature of Plaintiff's claims and the remedy he sought were barred by *Heck*.

      The Court construes Plaintiff's first motion, Filing No. 13, as a motion to appoint counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel

should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Plaintiff states that counsel is necessary because Plaintiff does not "know the 'acceptable' words and forms." Filing No. 13 at 1. However, this action has been dismissed. Further, this Court has provided direction to Plaintiff when he has attempted to assert similar claims previously as habeas petitions[1] and claims under § 1983.[2] As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 Fed. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will again be denied without prejudice to reassertion.

The Court construes Plaintiff's other motion as a motion for status, Filing No. 14. To the extent Plaintiff seeks to know the status of his case, that motion is granted with this order. Within Plaintiff's motion for status, he also seems to request a certified copy of a judge's order in another case.[3] Plaintiff's other motion seems to clarify that he seeks the written order from his state conviction. *See* Filing No. 13 at 1. The Court does not

---

[1] *See, e.g. See Garza v. Hansen,* Case No. 8:18CV276 (D. Neb. 2018) (Kopf, J., presiding); *Garza v. Britton, et al.*, Case No. 8:07CV338 (D. Neb. 2007) (Strom, J., presiding); *Garza v. Britten*, Case No. 4:03CV3194 (D. Neb. 2003) (Smith Camp, J., presiding); *Garza v. Hopkins*, 4:92CV3186 (D. Neb. 1992) (Urbom, J., presiding), *aff'd* 6 F.3d 782 (8th Cir. 1993). In Case No. 4:92CV3186, Judge Urbom denied Plaintiff habeas relief and that decision was affirmed by the Eighth Circuit in 1993. Those decisions were on the merits. *See Garza v. Britten*, 4:03CV3194, Filing No. 10.

[2] *See Garza v. London*, Case No. 4:92CV3216 (D. Neb. 1992).

[3] Plaintiff writes the case number but that number is difficult to discern. It appears to be case number "114-511." *See* Filing No. 14 at 1.

have access to this document and cannot grant Plaintiff's request. Moreover, the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. See 28 U.S.C. § 1915; see also Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing Tyler v. Lark, 472 F.2d 1077, 1078 (8th Cir. 1973)). To the extent Plaintiff's motion is a motion for copies, it is denied.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion, Filing No. 13, construed as a Motion to Appoint Counsel, is denied.

2. Plaintiff's Motion, Filing No. 14, construed as a Motion for Status and Motion for Copies, is granted in part and denied in part, consistent with this Memorandum and Order.

Dated this 30th day of July, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3